

# NUMBER 13-12-00604-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

JAMES DARYLL
LAWRENCE SCOTT,                                              Appellant,

## v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, James Daryll Lawrence Scott, appeals his conviction for aggravated assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). On April 11, 2011, appellant pleaded guilty to the offense, and the trial court assessed his punishment at five years' deferred adjudication community supervision. On August 8, 2012, at a revocation hearing, the State alleged that appellant violated conditions of his community supervision. Defendant pleaded not true to these

allegations.  The State then presented evidence, and the trial court found that appellant violated conditions of his community supervision by failing to report to his probation officer for four months and by committing two counts of aggravated assault.  The trial court adjudicated appellant guilty of the offense of aggravated assault, as alleged in the indictment, and sentenced him to five years' confinement in prison.  *See id.*

Concluding that "there are no grounds upon which an appeal can be predicated," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal.  We affirm the judgment as modified herein.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's appellate counsel has filed a motion to withdraw and a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has explained why, under controlling authority, there are no errors in the trial court's judgment.  Counsel specifically noted that he reviewed the following potential issues:  (1) the evidence was insufficient to revoke probation; (2) the

2

trial court violated appellant's due process and due course of law; (3) appellant did not receive adequate notice of the motion to revoke; (4) the State did not disclose all evidence against appellant; (5) appellant was not given an opportunity to be heard; (6) appellant was not given a right to confront and cross-examine adverse witnesses; (7) the trial court was not "neutral and detached"; (8) the trial court did not provide a written statement "as to the evidence relied on and the reasons revoking probation"; (9) the appellant was entitled to be credited with more time served in jail; (10) appellant was not given a full opportunity to present mitigation evidence at a punishment hearing; (11) a pre-sentence investigation report should have been completed; and (12) the trial court abused its discretion by revoking appellant's probation. Counsel then proceeded to explain why these potential issues are without merit. Counsel has informed this Court that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw as counsel on appellant, (3) providing appellant with a copy of the record, and (4) informing appellant of his right to review the record and to file a pro se response raising any ground of error or complaint which he may desire. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response with this Court.[1] *See In re Schulman*, 252 S.W.3d at 409.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

We note that the reporter's record containing the transcript from the revocation hearing shows that appellant pleaded not true to the allegations in the State's motion to adjudicate guilt, but the judgment reads that he pleaded true. Accordingly, we modify the judgment to reflect that appellant pleaded not true to the allegations in the State's motion to adjudicate guilt. *See* Tex. R. App. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. The appellate court may act sua sponte and may have the duty to do so. Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment.") (internal citations omitted). The judgment is affirmed as modified.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80

4

(Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of October, 2013.

---

[2] No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.